UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BELA BORCSOK,

                                                    Plaintiff,

                                 v.                                        9:05-CV-1542
                                                                                 (GLS)(DRH)

GEORGE PATAKI; BRION TRAVIS; NEW YORK STATE
DIVISION OF PAROLE; GARY FILION; and ISRAEL
RIVERA,

                                                    Defendants.
_____

APPEARANCES:

BELA BORCSOK
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

**I.    Background**

       Presently before this Court is a civil rights complaint filed by plaintiff Bela Borcsok, together with an *in forma pauperis* application. Dkt. Nos. 1, 5. Plaintiff has not paid the statutory filing fee for this matter.

       In his *pro se* complaint, plaintiff claims that his constitutional rights to due process and equal protection were violated during his appearance before the New York State Parole Board. Dkt. No 1. According to plaintiff, he was denied parole pursuant to a policy adopted by New York Governor George Pataki to deny early release parole to violent felony offenders, without regard to plaintiff's rehabilitation and other factors. *Id.* Plaintiff claims that defendants, in doing so, have violated plaintiff's constitutional rights. *Id.* Plaintiff seeks compesatory damages as well as declaratory and injunctive relief. *Id.* For a complete statement of plaintiff's claims, reference is made to the complaint.

**II.    Discussion**

Section 1915(e)(2)(B) of Title 28 of the United States Code, which governs proceedings *in forma pauperis*, directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, the Court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" - that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998).

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to

2

proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (citing *Parratt v. Taylor*, 451 U.S. 527, (1981), overruled on other grounds by *Daniel v. Williams*, 474 U.S. 327 (1986)); *see also Sykes*, 13 F.3d at 519 ("to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right.").

In order to proceed with his claim that his parole hearing was conducted in violation of his constitutional rights, it must appear that plaintiff enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant or deny an application for parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded

by federal due process with respect to parole release determinations. *Barna, supra*, 239 F.3d at 171; *Boothe v. Hammock*, 605 F.2d 661, 663-64 (2d Cir. 1979);[1] s*ee also Greenholtz v. Inmates of Neb. Penal & Corr, Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional or statutory right to parole); *Berard v. Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir.1984) (same).[2]

Because plaintiff has failed to establish that he enjoyed a protected liberty interest in parole release, any alleged deficiencies in the consideration of plaintiff's parole application do not state a claim upon which relief can be granted under 42 U.S.C. § 1983 and his complaint must therefore be dismissed. In light of the dismissal of this action, plaintiff's *in forma pauperis* application is denied.

WHEREFORE, it is hereby

**ORDERED**, this action is **DISMISSED**, and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

March 29, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

---

[1] Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts." *Boothe*, 605 F.2d at 665.

[2] Plaintiff also fails to set forth an equal protection claim. He seems to allege that, as a violent offender, he is treated differently that non-violent offenders. Such discrimination, however, has been held to be "entirely appropriate and not at all invidious." *Parks v. Edwards*, No. 03-CV-5588, 2004 WL 377658, at *4 (E.D.N.Y. Mar. 1, 2004).