UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BELA BORCSOK,

                                                                     Plaintiff,

       v.                                                            9:05-CV-1542
                                                                      (GLS)(DRH)

GEORGE PATAKI; BRION TRAVIS; NEW YORK STATE
DIVISION OF PAROLE; GARY FILION; ISRAEL RIVERA,

                                                       Defendants.
_____

APPEARANCES:

BELA BORCSOK
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

### DECISION and ORDER

      Plaintiff Bela Borcsok commenced this action by filing a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2. By Order filed March 29, 2006, this Court dismissed this action and entered Judgment in favor of defendants. Dkt. Nos. 6, 7. The Court found that Borcsok did not have a protected liberty interest in parole, and therefore failed to state a claim upon which relief could be granted. Dkt. No. 6. Since the action was dismissed, the Court denied Borcsok's *in forma pauperis* application. *Id*.

      Presently before the Court is Borcsok's motion for reconsideration of the March 29 Order. Dkt. No. 8. Borcsok claims that the Court should reconsider the March 29 Order because New York State Executive Law § 259-c.5 "clearly mandates that the inmate's ultimate fitness **shall** be **determined** (not merely **considered**)." Dkt. No. 8 at 3. Relying on Executive Law § 259-c.5, Borcsok argues that he "does in fact have a legitimate expectation that his **Ultimate Fitness** shall be determined by the board of parole, and if plaintiff is found to be **Ultimately Fit** (Rehabilitated), the he shall be paroled." *Id*.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(citations omitted). In this case, Borcsok addresses issues already decided by the Court and attempts to frame his claims under new theories, or to better explain the theories presented in his original complaint. He again asserts that he does have a legitimate expectation to parole. The Court, has already determined that a legitimate expectation for parole does not exist under the New York State statutory scheme. Because Borcsok has not established any of the above-cited factors relative to his motion, and has not met the strict standard required for reconsideration, the request is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Borcsok's motion for reconsideration (Dkt. No. 8) of the March 29 Order is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Borcsok.

Date: June 30, 2006

Gary L. Sharpe
U.S. District Judge

2